**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM MORGADO,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, et al.,<br>Respondents. | No. 1:26-cv-6766 JLT SAB (HC)<br>A-Number: 074-145-221<br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br>(Docs. 1, 7) |

Petitioner is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On October 9, 2026, the magistrate judge issued findings and recommendations that the Petition granted, and Respondents be directed to immediately release Petitioner. (Doc. 7.) On October 23, 2026, Respondents filed timely objections. (Doc. 8.)

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Respondents' objections, the Court concludes the findings and recommendations are supported by the record and proper analysis. Petitioner's detention has exceeded the six months authorized by 8 C.F.R. § 241.13(i)(1) following Petitioner's March 9, 2026 guilty plea to 11 felony charges in Florida state court. (*See* Doc. 7 at 1, 4.) In addition, the Court agrees with the magistrate judge that Respondents have failed to demonstrate that they are likely to be able to remove Petitioner, a citizen of Cuba, in the

reasonably foreseeable future. (*Id*. at 4–5.) Though Respondents claim to be pursuing third country removal to Mexico, they have failed to explain how they can effectuate such a removal without Petitioner's consent. *See Cruz v. Warden of the Golden State Annex Det. Facility*, No. 1:26-CV-05760 JLT EPG (HC), 2026 WL 2582421, at *2 (E.D. Cal. Sept. 1, 2026).[1]

Therefore, despite Petitioner's criminal record, it appears that Respondents have failed to take any serious action to remove Petitioner, or to otherwise explain their intentions. Because Respondents have failed to demonstrate that removal is reasonably foreseeable, the Court has no choice but to find that Petitioner can no longer be detained and must be released on appropriate conditions of supervision.

Thus, the Court **ORDERS**:

1. The findings and recommendations issued on October 9, 2026 (Doc. 7) are **ADOPTED IN FULL**.
2. The petition for writ of habeas corpus is **GRANTED**.
3. Respondents are directed to **IMMEDIATELY RELEASE** Petitioner from custody under appropriate conditions of supervision.
4. Respondents are **ENJOINED AND RESTRAINED** from re-detaining Petitioner pursuant to 8 C.F.R. § 241.13(i)(2) unless there are material changed circumstances and a neutral decisionmaker determines that there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future.[2]
5. The Clerk of Court is directed to serve the California City Immigration Processing Center with a copy of this Order and then to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated: October 26, 2026

[signature] Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE

6.

[1] This assertion, made repeatedly in numerous cases notwithstanding this Court's prior rulings regarding the likelihood of effectuating a third country removal to Mexico without the non-citizen's consent, effectively amounts to an admission that Respondents have no practical plans for removal.

[2] This does not preclude Respondents from re-detaining Petitioner for an additional six months pursuant to 8 U.S.C. § 241.13(i)(1) should Petitioner once again violate the terms of his release.